IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DARNELL WASHINGTON**                                                               **PETITIONER**

No. 4:25-cv-00686 JM/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**                **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Darnell Washington ("Washington") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the undersigned recommends that the petition be dismissed as untimely.

Washington is in ADC custody because of his June 2019 conviction by a Jefferson County jury of possession of a firearm by certain persons. Washington was sentenced to 25 years' imprisonment. Doc. No. 7-2 at 103-105. On direct appeal, the Arkansas Court of Appeals affirmed Washington's conviction. *See Washington v. State*, 2020 Ark. App. 268; Doc. Nos. 7-3 and 7-4. Subsequently, Washington requested rehearing by the Arkansas Court of Appeals and he petitioned the Arkansas Supreme Court for review. These efforts were unsuccessful and the mandate in the case issued on September 24, 2020. Doc. Nos. 7-5 – 7-7.

On October 21, 2020, Washington filed a timely Rule 37 petition with the trial court, alleging five claims for relief.[1] Doc. No. 7-8. The trial court issued a written order denying Rule 37 relief on September 22, 2021. Doc. No. 7-9. Washington did not appeal this decision. October 22, 2021, was the last day in which to file such an appeal.

In addition to his Rule 37 petition, Washington filed other pleadings in state court. In April 2020, he sought additional credit for jail time served. This request was denied on September 30, 2021. *See* Doc. Nos. 7-10 – 7-11.

---

[1] Washington claimed his right against self-incrimination was violated, there was prosecutorial misconduct, he was denied a fair and impartial trial, forced to represent himself, and denied a speedy trial.

In July 2022, Washington asked the state court to reconsider the judgment based upon trial error and also sought a reduced sentence. Doc. No. 7-12. These requests were denied on September 8, 2022. Doc. No. 7-13.

On July 9, 2025, Washington filed this federal habeas corpus petition, alleging as claims for relief ineffective assistance of counsel, five instances of denial of due process,[2] and denial of his right to a speedy trial. *See* Doc. No. 1.

**Statute of Limitations**

Respondent Dexter Payne ("Payne"), in response to Washington's petition, filed a motion to dismiss and brief in support. See Doc. Nos. 6 & 7. Payne contends the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one-year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

---

[2] The due process allegations were: (1) failure to challenge the prosecution's case and failure to present critical defense evidence; (2) lack of proper notice and understanding of appellate rights; (3) denial of a continuance, hindering his preparation of an adequate defense; (4) denial of his ability to properly present testimony of a material witness; and (5) conflict of interest and judicial bias. Doc. No. 1, page 1.

>    the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne contends Washington should have filed his federal habeas petition on or before October 24, 2022, to comply with the timeliness provisions of 28 U.S.C. § 2244.

Specifically, Payne first calculates the date on which the state court judgment became final by conclusion of direct review or expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Washington's conviction became final ninety days after the Arkansas Supreme Court denied his petition for review on September 24, 2020, or on December 23, 2020. *See* Doc. No. 7 at 3 (citing *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) and Sup. Ct. R. 13.1) (petition for certiorari seeking U.S. Supreme Court review of state court of last resort's discretionary review of conviction must be filed within 90 days after lower court denies discretionary review). The one-year deadline within which Washington could

file his habeas petition therefore would have expired on December 23, 2021 unless statutory or equitable tolling applied.

Payne correctly states that the limitation period was statutorily tolled by Washington's timely Rule 37 petition, which was filed during the 90-day time frame for filing a petition for certiorari seeking U.S. Supreme Court review. *See* 28 U.S.C. § 2244(d)(2). The Rule 37 petition was denied on September 22, 2021, but remained pending for limitation purposes for thirty days thereafter. *See* Doc. No. 7 at 4. When those thirty days expired without an appeal by Washington on October 22, 2021, the one-year limitation clock began to run. Allowing for calendar adjustments,[3] Washington had until October 24, 2022, to file a timely federal habeas petition. Because Washington's petition was filed more than thirty-two months after October 24, 2022, his habeas petition is barred by the one-year statute of limitations. *Id.* at 4-5.

The Court must also consider the possible tolling effect of Washington's other state court petitions (for jail-time credit, to reconsider the judgment, and to reduce the sentence). If these petitions were "properly filed" applications "for State post-conviction or other collateral review" then the limitation period would be tolled during their pendency. *See* U.S.C. § 2244(d)(2).

---

[3] October 22, 2022, fell on a Saturday, rendering October 24, a Monday, as the proper date for the timely filing of a federal petition. Fed. R. Civ. P. 6(a)(1)(C).

Both propositions – that these petitions were "properly filed" and that they were for "post-conviction or other collateral review" – are debatable. Payne contends these motions were not timely filed, and untimely petitions are not "properly filed" petitions within the meaning of U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Consequently, these petitions would not toll the limitation period. And these petitions may not be post-conviction or collateral in nature. *See Garrett v. Payne*, 2025 WL 2844870 (Oct. 3, 2025) (8th Cir.) (discussion of what constitutes collateral review). If these petitions are not collateral in nature, then statutory tolling would not occur.

The debate on these questions, however, is academic. Even if it is assumed that these petitions were timely filed and that they constitute collateral petitions, Washington's federal petition is still untimely.[4]

---

[4] *Without* statutory tolling for the state court petitions for jail-time credit, to reconsider the judgment, and to reduce the sentence, a timely federal habeas petition should have been filed by October 24, 2022. *With* statutory tolling for these petitions, a timely federal habeas petition should have been filed by January 16, 2023.

The precise calculations, assuming the best-case scenario for Washington, is that the motion for jail-time credit tolled the limitation period until its resolution on November 1, 2021. The limitation period then ran (for 267 days) until Washington filed his motion to reconsider the judgment and reduce his sentence on July 27, 2022. These latter petitions were denied on September 8, 2022, and the time to appeal those denials expired on October 10, 2022. The limitation period then ran again (for 98 days) until the 365-day period expired on January 16, 2023. Washington's federal habeas petition was filed approximately 2½ years later.

The Court concludes that the limitations period expired, as Payne calculated, more than thirty-two months prior to Washington's July 2025 filing of his habeas corpus petition. Even generously assuming additional statutory tolling occurred, the federal petition was still more than two years late.

This does not end the analysis, however, since the failure to file a timely petition can be excused under some circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*.

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). The burden of proving that equitable tolling is appropriate rests with the petitioner. *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

On August 26, 2025, the Court notified Washington of his opportunity to respond to Payne's motion and explain why his petition was timely or why it was untimely but should nevertheless be considered. Doc. No. 8. Washington has not responded. He has failed to offer any evidence that he was prevented from timely filing his petition by actions of the defendant or extraordinary circumstances outside his control. The record reflects no reason to equitably toll the limitation period.

The limitation period expired long before Washington filed this habeas corpus petition. Accordingly, the Court recommends that the petition be dismissed as untimely.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, it is recommended that the certificate of appealability be denied.

IT IS SO ORDERED this 17th day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE